UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTHONY FORSTER,              )
                              )
    Plaintiff,                )
                              )
         v.                   )   NO. 3:08-1054
                              )
GEORGE M. LITTLE, et al.,     )   Judge Haynes/Bryant
                              )   Jury Demand
    Defendants.               )

**TO: The Honorable William J. Haynes, Jr.**

### REPORT AND RECOMMENDATION

Two motions for summary judgment are pending in this case (Docket Entry Nos. 75 and 90). After plaintiff failed to respond to either of these motions, the undersigned Magistrate Judge on June 23, 2010, entered an order directing plaintiff to show cause by July 23, 2010, why these motions should not be granted and his complaint dismissed with prejudice (Docket Entry No. 97). This order further admonished plaintiff that his failure to respond may cause the undersigned Magistrate Judge to recommend that this case be dismissed. Despite this order to show cause, plaintiff has responded neither to the motions for summary judgment nor to the Court's order.

For the reasons stated below, the undersigned Magistrate Judge recommends that the pending motions for summary judgment on behalf of the defendants Ebert and Sator (Docket Entry No. 75) and on behalf of defendants Bell, Baldwin, Hall, Davis, Wagner and

Mosley (Docket Entry No. 90) be granted, and that plaintiff's complaint be dismissed.

## Procedural History

Plaintiff, a prisoner in state custody who is proceeding pro se, filed his complaint pursuant to 28 U.S.C. § 1983 alleging numerous violations of his constitutional rights by multiple defendants arising from conditions of his confinement at Riverbend Maximum Security Institution (Docket Entry No. 1). The Court granted plaintiff's application for leave to proceed in forma pauperis, but dismissed for failure to state a claim all alleged constitutional violations except for plaintiff's claims of (1) interference with privileged legal mail and his claim of (2) denial of prescribed medication by prison medical personnel (Docket Entry No. 4). The Court later granted a motion to dismiss filed on behalf of defendants Creech, Smith, Russell and Martin on the grounds that the complaint contained no allegation that these defendants were involved in the two surviving claims (Docket Entry No. 65).

The two pending motions for summary judgment address the claims and the defendants that remain in this case.

## Analysis

Rule 56(c)(2) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as

2

to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e) provides that a "supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."

**Defendants Sator and Ebert**. The motion for summary judgment filed on behalf of defendants Innocentes Sator, M.D. and Michael Ebert, who is identified as the Director of Nursing, is supported by the affidavit of Dr. Sator (Docket Entry No. 75-1). In this affidavit, Dr. Sator who identifies himself as the Medical Director of Riverbend Maximum Security Institution, directly contradicts the factual allegations in plaintiff's complaint. Specifically, Dr. Sator in this affidavit states that plaintiff Forster has never received "out-dated" medication and that no order has ever been issued directing that he receive such medication. Dr. Sator further states that no medications have ever been withheld or discontinued without "absolute medical and pharmacological necessity to do so." Finally, Dr. Sator in his affidavit testifies that plaintiff Forster "has been offered and/or provided medical care consistent with his illnesses at all times while housed at Riverbend Maximum Security Institution," and that the "medical treatment of Mr. Forster has been completely within the standard of recognized care for healthcare professionals in Nashville, Tennessee and similar communities."

3

As previously stated above, plaintiff Forster has failed to respond to this motion for summary judgment despite the Court's order directing him to do so. From review of this record, the undersigned Magistrate Judge finds that, in the absence of evidence from plaintiff, there exists no genuine issue of material fact regarding the claim that plaintiff has received constitutionally deficient medical care while in state custody. Therefore, the undersigned Magistrate Judge finds that the motion for summary judgment filed on behalf of the defendants Sator and Ebert should be **GRANTED** and that the complaint against them should be **DISMISSED**.

**Defendants Bell, Baldwin, Hall, Davis, Wagner and Mosley**. The remaining claim in this case is that defendants interfered with plaintiff's privileged legal mail (Docket Entry No. 1-1 at 29, paragraph 66). Plaintiff alleges in his complaint that on May 22, 2008, defendants confiscated legal mail that had been sent to him by his attorney, Jay S. Kimbrough.

In support of their motion for summary judgment, the remaining defendants have filed the affidavit of Sergeant Gregory Leonard (Docket Entry No. 93). This affidavit and its attachments show that plaintiff Forster lodged a written inmate grievance dated May 22, 2008, in which plaintiff asserts that one piece of legal mail had been opened, presumably by prisoner personnel, prior to its delivery to plaintiff, and that the contents of another piece of legal mail, mailed to plaintiff by his attorney, Jay S.

4

Kimbrough, had been seized by a corrections officer employed by the facility (Docket Entry No. 93 at 5 and 6). According to Sergeant Leonard's affidavit and its attachments, the prison supervisor filed a timely response to plaintiff's grievance, but that plaintiff failed to file a timely appeal following this response to his grievance.

These defendants, in the memorandum in support of their motion for summary judgment, argue that plaintiff's claim based upon interference with his legal mail is barred by plaintiff's failure to exhaust his administrative remedies (Docket Entry No. 92). Specifically, defendants argue that the Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies before filing a lawsuit under 42 U.S.C. § 1983, citing Jones v. Bock, 549 U.S. 199, 211 (2007) and White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997). Indeed, the plaintiff must not only file a grievance but must also exhaust the grievance process to the final level of appeal before filing his complaint. Freeman v. Francis, 196 F.3d 641 (6th Cir. 1999).

From the undisputed record before the Court, the undersigned Magistrate Judge finds no genuine issue of material fact and that plaintiff Forster failed to exhaust his administrative remedies regarding his claim that prison personnel tampered with his legal mail. Therefore, his complaint based upon this allegation must be dismissed. For this reason, the

5

undersigned Magistrate Judge finds that the motion for summary judgment filed on behalf of defendants Bell, Baldwin, Hall, Davis, Wagner and Mosley (Docket Entry No. 90) should be **granted**, and that plaintiff's complaint should be **dismissed.**

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the motions for summary judgment filed on behalf of defendants Sator and Ebert (Docket Entry No. 75) and on behalf of defendants Bell, Baldwin, Hall, Davis, Wagner and Mosley (Docket Entry No. 90) be **GRANTED**, and that the complaint be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

6

**ENTERED** this 4th day of October 2010.

                                                s/ John S. Bryant
                                                JOHN S. BRYANT
                                                United States Magistrate Judge